Joseph B. WILLIAMS and Leo Bazile et al., Plaintiffs-Appellees,

v.

Joseph L. ALIOTO et al., Defendants-Appellants.

No. 78–2965.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1980.

Decided July 24, 1980.

---

Steven A. Diaz, San Francisco, Cal., for defendants-appellants.

Amitai Schwartz, Cecil L. McGriff, San Francisco, Cal., for plaintiffs-appellees.

Before WRIGHT, KENNEDY and HUG, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the district court awarding attorneys' fees to the appellees as prevailing parties in their civil rights action against officials of the City of San Francisco and officials of the Police Department. The appellees in two consolidated actions challenged police practices, which occurred from April 17, 1974 to April 25, 1974, known as "Operation Zebra." A series of unsolved murders had occurred in San Francisco, and the San Francisco Police Department initiated a special investigative procedure known as "Operation Zebra" to attempt to identify and capture the killer or killers. Police directives and memoranda authorized officers to stop and frisk black males resembling two composite drawings and having described physical characteristics, with no other indication that they had engaged in or were engaging in criminal activity. Over 600 persons were stopped and "pat searched" in the course of the operation.

The plaintiffs in the two actions sought declaratory and injunctive relief on behalf of black male persons who had been stopped, or were subject to being stopped, pursuant to the "Operation Zebra" practices. After an evidentiary hearing the district court entered findings of fact and conclusions of law and issued a preliminary injunction against the practices. One of the conclusions of law was that the plaintiffs were entitled to reasonable attorneys' fees.

The police officials appealed the preliminary injunction. Before the appeal was heard, four persons were identified as the "Zebra" killers and were convicted and sentenced. The police investigation of the "Zebra" killings ceased; consequently, this court dismissed the appeal as moot and vacated the preliminary injunction, *Williams v. Alioto*, 549 F.2d 136 (9th Cir. 1977). A more complete statement of the facts is set forth in that opinion.

The appellees moved the district court to set the amount of the attorneys' fees. The district court reviewed the detailed affidavits submitted by plaintiffs' attorneys and heard arguments from all parties. The district court entered an order awarding $25,000 to the Bazile attorneys and $20,000 to the Williams attorneys, with a recitation of findings supporting the award. Judgment was thereafter entered on the award.

I

Appellants argue that because this court dismissed as moot the appeal from the grant of the preliminary injunction, the appellees were not "prevailing parties" under the Civil Rights Attorney's Fees Act of 1976 (the "Act"), 42 U.S.C. § 1988. We conclude that by obtaining the preliminary injunction appellees "prevailed on the merits of at least some of [their] claims." *Hanrahan v. Hampton*, —— U.S. ——, ——, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam). The preliminary injunction prevented appellants from continued enforcement of their original guidelines, which is precisely the relief appellees sought. Appellees succeeded on a "significant issue in litigation which achieve[d] . . . the benefit the parties sought in bringing suit." *Sethy v. Alameda County Water District*, 602 F.2d 894, 897–98 (9th Cir. 1979), *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980). *See also Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). Our previous dismissal of the appeal as moot and vacation of the district court judgment does not affect the fact that for the pertinent time period appellees obtained the desired

relief, upon findings by the district court that the original guidelines were unconstitutional.

■ Fee awards are authorized in cases where a party prevails through a settlement rather than by litigation:

Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated.

*Maher v. Gagne,* —— U.S. ——, ——, 100 S.Ct. 2570, 2575, 65 L.Ed.2d ——, (1980). In the present case there is even more reason to award attorneys' fees, where appellees did obtain a judicial determination that appellants had acted unconstitutionally.

## II

■ Appellants contend that because they enjoy good faith immunity in an action for damages, they should likewise be protected against an award of attorneys' fees in the absence of bad faith. Because appellants were sued in their official capacities, their good faith does not bar an award of attorneys' fees, as it would were the award to be paid by the officials. *See, Universal Amusement Co. v. Hofheinz,* 616 F.2d 202, 204 n.1 (5th Cir. 1980); *Nadeau v. Helgemoe,* 581 F.2d at 280; *Pickett v. Milam,* 579 F.2d 1118, 1120–21 (8th Cir. 1978).

## III

■ The appellants argue that an award of attorneys' fees against them in their official capacities which will be paid by the municipality cannot be made because the City of San Francisco was not named as a party. At the time this suit was brought the City of San Francisco was not considered a proper party under *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d

1. The Court has since recognized municipalities as "persons" that may be sued under § 1983. *See Monnell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

2. Appellants argued at oral argument that the rationale of *Owen v. City of Independence,* —— U.S. ——, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), precluded an award of attorneys' fees against

492, (1961).[1] However, the Court held in *Hutto v. Finney,* 437 U.S. 678, 699, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522 (1978), that although the appellants were unable to sue a governmental entity by name, the suit against the governmental officers in their official capacities permitted an award of attorneys' fees to be paid by the governmental entity.[2]

## IV

■ The district court retained jurisdiction to award costs. The original appeal being from an interlocutory order, the district court retained jurisdiction to continue with other phases of the case. *See DePinto v. Provident Security Life Insurance Co.,* 374 F.2d 50, 51 n.2 (9th Cir. 1967). In addition, attorneys' fees under section 1988 are awarded as an item of costs, *see Hutto v. Finney,* 437 U.S. at 695, 98 S.Ct. at 2576, and thus "will ordinarily be sought only after litigation." *Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir. 1980). We dismissed only the appeal as moot in our prior decision, not the entire action. Appellees were therefore free to apply for attorneys' fees in the district court. *See Crowell v. Mader,* —— U.S. ——, ——, 100 S.Ct. 992, 992, 62 L.Ed.2d 701, 703 (1980).

■ The district court awarded the fees in the present case as part of its original order, with the amount to be set later. Claims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot. *See Reiser v. Del Monte Properties Co.,* 605 F.2d 1135, 1140 (9th Cir. 1979); *Schmidt v. Zazzara,* 544 F.2d 412, 414–15 (9th Cir. 1976).

the individual defendants unless bad faith was proved. However, the Court in *Owen* holds that the good faith of the officers is not a defense to the liability of the city as it is to the liability of the individuals in their individual capacity. An award of attorneys' fees in this case, which is to be paid by the city, not the individuals, in consistent with *Owen.*

## V

■ The appeal from the grant of the preliminary injunction was before this court when the Act was passed in 1976. The Act applies to all cases pending on the date of its enactment. Cases on appeal on the date of enactment are pending for purposes of fee awards, *see Hutto v. Finney*, 437 U.S. at 694–95 n.23, 98 S.Ct. at 2576 n.23; *Sethy v. Alameda County Water District*, 602 F.2d at 897; *Molina v. Richardson*, 578 F.2d 846, 854 (9th Cir.), *cert. denied*, 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978), thus the award of fees under authority of the Act in this case is proper.

## VI

■ Considering all the circumstances of this case, we reject appellants' contention that a full evidentiary hearing was required on the motion to set fees. Appellants were notified on July 5, 1977, that the court intended to award fees. On October 21, 1977, appellants entered a stipulation that argument on the motion be continued from November 7, 1977, to November 21, 1977, and that appellants would not request further factual information from appellees, although further factual findings by the district court could be requested. On November 10, 1977, appellants requested a continuance and permission to conduct further discovery. In view of the stipulation and the lateness of this request, the district court did not abuse its discretion in relying on the submitted affidavits and oral argument in setting the fee awards.

The affidavits before the court were sufficiently detailed to enable the court to consider all the factors necessary in setting the fees. *See* Fed. R. Civ. P. 43(e); *Dennis v. Chang*, 611 F.2d 1302, 1308–09 (9th Cir. 1980). Some of the arguments presented by appellants on appeal were argued to the district court and considered by it in making the award. *See id.* As to those factors, a full evidentiary hearing would have added little. With respect to the other claims we note that appellants requested either further briefing or an evidentiary hearing. Again, in light of the lateness of the request, the district court properly denied the request and relied on the arguments presented in appellants' motion and at oral argument. We note that after consideration of the affidavits and argument the district court did substantially reduce the amount of fees requested by appellees.

■ The district court adequately considered the requisite factors as set forth by this court in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), in setting the amount of the fees, and we find no abuse of discretion. *See id.* at 69. *Cf., Ellis v. Cassidy*, 625 F.2d 227, 231 (9th Cir. 1980) (remand proper where district court fails to consider *Kerr* factors). The most important factors relied upon by the district court in setting the amount in the present case are factors we have cited approvingly in determining awards under section 1988. *See Dennis v. Chang*, 611 F.2d at 1308.

## VI

■ Finally, we reject appellants' contention that the court should have differentiated between persons actively involved in the "Operation Zebra" program and others sued only because of their official title. As the court made clear in *Hutto v. Finney*, the present injunctive suit was, for all practical purposes, brought against the City of San Francisco. Because the award is against the appellants in their official capacities it will be paid by the City. *See Hutto v. Finney*, 437 U.S. at 699–700, 98 S.Ct. at 2578; *Pickett v. Milam*, 579 F.2d at 1121 n.4. There is therefore no need to make such a determination.[3]

We affirm the order of the district court awarding the attorneys' fees against the appellants in their official capacity. Appel-

---

**3.** We note that appellees have not identified any one of the named defendants as not being involved in some way in the operation.

lees are also entitled to a reasonable fee for their services on this appeal. We deem it appropriate to remand to the district court for a determination of the time spent, and fees to be awarded, on this appeal.

AFFIRMED.