Adam BINGHAM, Plaintiff/counter-defendant–Appellee,

v.

Wes EDIGER, in his official and individual capacities, Defendant,

and

Oregon School Activities Association, Defendant/counter–claimant–Appellant.

No. 99–35366.

D.C. No. CV–98–06282–TMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Oct. 10, 2001.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM **

Defendant Oregon School Activities Association ("OSAA") appeals the district court's judgment in favor of Plaintiff Adam Bingham. Bingham is a learning-disabled student who was required to repeat his sophomore year of high school due to poor academic progress. The district court determined that OSAA violated Title II of the Americans with Disabilities Act when it refused to waive its Eight–Semester Rule and barred Bingham from participating in high school athletics during the 1998–99 academic year. The district court granted Bingham injunctive relief and awarded attorney fees and costs. We have appellate jurisdiction under 28 U.S.C. § 1291. We conclude that Bingham's request for injunctive relief has become moot and, therefore, we vacate the district court's injunction, except for the award of attorney fees and costs. *See Williams v. Alioto,* 625 F.2d 845, 847–48 (9th Cir.1980) (party who "obtained the desired relief" by

obtaining preliminary injunction in civil rights action entitled to attorney fee award notwithstanding subsequent dismissal of appeal as moot and vacatur of injunction).

The district court's injunction included two components: (1) OSAA was enjoined from using its eligibility rules to deny Bingham eligibility to participate in athletics in the 1998–99 school year and from penalizing his high school for allowing him to participate; and (2) OSAA was required to rewrite its Eight–Semester Rule and its Age Rule.

OSAA complied with the injunction. It took no adverse action against Bingham's high school and has agreed that it will not do so regardless of the outcome of this case. It has rewritten its Eight–Semester Rule and its Age Rule. Bingham has completed high school, having participated in athletics during the 1998–99 school year. This case, therefore, has "lost [its] character as [a] present, live controvers[y]" and is moot. *N.W. Envtl. Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir.1988); *see also Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). Moreover, there is no longer any legitimate concern about OSAA's Eight–Semester Rule or its Age Rule. *See County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (injunctive claims generally rendered moot when defendant complies, there is no legitimate concern about future adverse action, and interim relief has completely eradicated the effects of the alleged violation).

The district court's injunction, except for its award of attorney fees and costs, is

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

722

VACATED. The parties shall bear their own costs on appeal.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.