300 F.3d 1092
 Tracy L. WATSON, Plaintiff-Appellee,
v.
COUNTY OF RIVERSIDE, Defendant-Appellant, and
Larry D. Smith; Rick Sayer, Chief Deputy; Jeffrey H. Turley, Sheriff's Captain; Douglas J. Borden, Sheriff's Lieutenant; Dana C. Fredendall, Sheriff's Lieutenant, Defendants.
Tracy L. Watson, Plaintiff-Appellant,
v.
County of Riverside; Larry D. Smith; Rick Sayer, Chief Deputy; Jeffrey H. Turley, Sheriff's Captain; Douglas J. Borden, Sheriff's Lieutenant; Dana C. Fredendall, Sheriff's Lieutenant, Defendants-Appellees.
 No. 01-56214.
 No. 01-56298.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 2002.*
 Filed August 20, 2002.
 
 Paul R. Coble, Jones & Mayer, Fullerton, CA, Christopher D. Lockwood, Lewis D'Amato, Brisbois & Bisgaard, San Bernadino, CA, for defendant-appellant-cross-appellee.
 Larry J. Roberts, Michael P. Stone, P.C., Lawyers, Pasadena, CA, for plaintiff-appellee-cross-appellant.
 Appeal from the United States District Court for the Central District of California; Robert J. Timlin, District Judge, Presiding. D.C. No. CV-96-00148-RT, D.C. No. CV-96-00148-RT-04.
 Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.
 OPINION
 SILVERMAN, Circuit Judge.
 
 
 1
 We hold today that a plaintiff who succeeds in obtaining a preliminary injunction can be deemed a "prevailing party" for purposes of 42 U.S.C. § 1988, even though he did not recover other relief sought in the lawsuit. We also hold that a district court does not abuse its discretion when it declines to assess against a defendant attorney's fees incurred by a plaintiff in opposing a motion to intervene brought by strangers to the lawsuit.
 
 I. Facts
 
 2
 Tracy Watson, a former Riverside County deputy sheriff, participated in a highly publicized vehicle chase that culminated in the arrest of certain individuals. Watson wielded his police baton during the arrest and was suspected of using excessive force. Upon returning to the sheriff's station, he was ordered to prepare a report of the incident. Watson alleged that he was denied the opportunity to consult with a lawyer prior to writing his report. Upon completion of his report, Watson was placed on administrative leave and eventually terminated.
 
 
 3
 Watson brought an action in the U.S. District Court alleging that the county and various individual deputies violated his Fourth, Fifth and Fourteenth Amendment rights by detaining him and compelling him to write his report, and by refusing to allow him to consult with a lawyer or a representative of his employee organization prior to writing the report. He also alleged violations of state law. Watson sought money damages and an injunction enjoining the county from using Watson's report at the hearing on Watson's appeal of his termination from the sheriff's office.
 
 
 4
 After analyzing the merits of Watson's claim, the court granted a preliminary injunction in the following terms:
 
 
 5
 THEREFORE, IT IS ORDERED THAT defendants are prohibited from introducing in any manner in plaintiff's administrative appeal hearing concerning his discharge from employment with the County of Riverside, now pending before Arbitrator Alexander M. Cohn, or in any other official proceeding arising therefrom or connected therewith, the Riverside Sheriff's Department report written by plaintiff Tracy L. Watson on April 1, 1996 (report number SWR 96092026) and any and all information therefrom, and its derivative fruits.
 
 
 6
 Watson v. County of Riverside, 976 F.Supp. 951, 957 (1997).
 
 
 7
 Nearly two years after the preliminary injunction issued, the district court granted summary judgment in favor of the defendants on all issues except one. It found a triable issue relating to Watson's claim for injunctive relief based on an alleged violation of due process. By that time, however, the administrative hearing had long since come and gone. The parties agreed that the claim for permanent injunctive relief had become moot. Accordingly, the court dismissed the case, leaving only Watson's claim for attorney's fees under 42 U.S.C. § 1988.
 
 
 8
 The court ruled that Watson was a "prevailing party" by virtue of his having won the preliminary injunction that prevented the use of Watson's report at the termination hearing. The court awarded Watson attorney's fees and costs totaling $153,988.41. The court reasoned:
 
 
 9
 The object of this litigation was not to compel the County to reinstate Watson. Rather, Watson sought through this litigation a court decision that the arrest report was obtained in violation of his First, Fourth, Fifth, and/or Fourteenth Amendment rights. In the order granting Watson's motion for a preliminary injunction, the court ruled that he had shown a fair chance of success on the merits that Defendants deprived him of his right to due process by denying him the ability to consult with an attorney before and while writing the arrest report and ordered that Defendants were prohibited from introducing the arrest report at the hearing.
 
 
 10
 Watson's preliminary injunctive relief satisfies the prevailing party test of Texas State Teachers [Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)]. Watson achieved "some of the benefit [he] sought in bringing suit" by obtaining an injunction prohibiting the admission of the arrest report at the hearing. Texas State Teachers, 489 U.S. at 791-92, 109 S.Ct. at 1493. Moreover, the injunction altered the legal relationship between the parties because it precluded the defendants from using the arrest report, which they otherwise would have been able to use, in the hearing.
 
 
 11
 (Second alteration in original).
 
 
 12
 With the exception of the time spent by Watson's lawyers responding to motions to intervene filed by third parties (which the district court denied) the court granted Watson his attorney's fees based on all of the time his lawyers spent on the case, not just the time allocable to the preliminary injunction.** Said the court:
 
 
 13
 In this case, all of Watson's federal and state claims involved the same course of conduct — the circumstances involving Watson being required by certain individual defendants to write an arrest report in isolation without the ability to consult a union representative or attorney prior to or during the preparation of the report. Further, all of his claims sought the same relief of prohibiting the use of the arrest report in his administrative discipline appeal, which Watson achieved through the preliminary injunction. Therefore, Watson can recover attorney's fees relating to all of the state and federal legal theories he advanced in his various claims.
 
 
 14
 The County appealed the award of fees. Watson cross-appealed the denial of the fees relating to the intervention motions.
 
 II. Jurisdiction and Standard of Review
 
 15
 We have jurisdiction over the final post-judgment order granting attorney's fees pursuant to 28 U.S.C. § 1291.
 
 
 16
 We review awards made pursuant to 42 U.S.C. § 1988 for an abuse of discretion. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). However, any elements of legal analysis that figure into district court decisions are reviewed de novo. Webb v. Ada County, Idaho, 195 F.3d 524, 526 (9th Cir.1999).
 
 III. Analysis
 
 17
 A. Watson is a prevailing party.
 
 
 18
 The district court did not err in ruling that Watson was a "prevailing party" in these circumstances. This case is very similar to Williams v. Alioto, 625 F.2d 845, 847(9th Cir.1980), in which we held that a plaintiff who obtains a preliminary injunction is a prevailing party for purposes of § 1988 even though the underlying case becomes moot. In Williams, two individuals obtained a preliminary injunction prohibiting officials of the San Francisco Police Department from engaging in certain investigative practices aimed at solving the so-called Zebra murders. The district court also awarded attorney's fees in connection with the preliminary injunction. While the police department's appeal of the preliminary injunction was pending, the Zebra case was solved and the investigation ceased. The appeal was dismissed as moot. The police department then argued that because of the dismissal, the plaintiffs were not prevailing parties entitled to fees. We rejected that argument. We held that having won the preliminary injunction, the plaintiffs were prevailing parties notwithstanding the subsequent mooting of their case.
 
 
 19
 We conclude that by obtaining the preliminary injunction appellees "prevailed on the merits of at least some of (their) claims." ... The preliminary injunction prevented appellants from continued enforcement of their original guidelines, which is precisely the relief appellees sought. Appellees succeeded on a "significant issue in litigation, which achieve(d) ... the benefit the parties sought in bringing suit." ... Our previous dismissal of the appeal as moot and vacation of the district court judgment does not affect the fact that for the pertinent time period appellees obtained the desired relief, upon findings by the district court that the original guidelines were unconstitutional.
 
 
 20
 Williams, 625 F.2d at 847-848 (internal citations omitted).
 
 
 21
 We face a very similar situation here. Having succeeded in winning a preliminary injunction that prevented the use of his report at the administrative hearing, Watson obtained significant, court-ordered relief that accomplished one of the main purposes of his lawsuit. This is so even though he failed to prevail on his other claims.
 
 
 22
 The County argues that Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) prohibits a fee award here because Watson did not recover a "judgment" or a "consent decree." Buckhannon holds that to be considered a prevailing party, one must have obtained a "judicial imprimatur" that alters the legal relationship of the parties, such as a judgment on the merits or a court-ordered consent decree; it is not enough merely to have been a "catalyst" in causing a voluntary change in the defendant's conduct. Buckhannon, 532 U.S. at 600, 121 S.Ct. 1835. Judgments and consent decrees are examples of that, but they are not the only examples.
 
 
 23
 A preliminary injunction issued by a judge carries all the "judicial imprimatur" necessary to satisfy Buckhannon. In this case, the County was prohibited from introducing Watson's report at the termination hearing for one reason and for one reason only: because Judge Timlin said so. Under Williams, Watson was a prevailing party. And under Buckhannon, he was not a mere catalyst of an extra-judicial voluntary change in conduct. There was nothing voluntary about the County's inability to use the report.
 
 
 24
 We recognize that there will be occasions when the plaintiff scores an early victory by securing a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against him — a case of winning a battle but losing the war. The plaintiff would not be a prevailing party in that circumstance. But this case is different because Watson's claim for permanent injunctive relief was not decided on the merits. The preliminary injunction was not dissolved for lack of entitlement. Rather, Watson's claim for permanent injunction was rendered moot when his employment termination hearing was over, after the preliminary injunction had done its job.
 
 
 25
 B. The District Court Did Not Abuse Its Discretion When It Awarded Watson Fees For Time Spent Preparing Unsuccessful Claims.
 
 
 26
 Next, the County contends that the district court abused its discretion by awarding Watson attorney's fees for time expended on claims that he ultimately lost.
 
 
 27
 In Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the U.S. Supreme Court proscribed a two-step process for calculating attorney's fees in a case of partial or limited success. A court must consider (1) whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded," and (2) whether "the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Id. at 434, 103 S.Ct. 1933. Deductions based on limited success are within the discretion of the district court. See Sorenson v. Mink, 239 F.3d 1140, 1147(9th Cir.2001).
 
 
 28
 Here, the district court did not err in ruling that Watson's claims all involved the same conduct and were sufficiently related to one another to entitle him to fees for all the work performed. Likewise, the district court did not abuse its discretion in ruling that the fees requested were not out-of-whack with Watson's level of success in the action.
 
 
 29
 The County contends that the court should have limited its award of fees only to work done in securing the preliminary injunction, arguing that "where the plaintiff achieves a single success and loses everything else, the proper procedure is a denial of all fees incurred after the date of the single success." The only authority it presents for that contention is a case holding that a court did not abuse its discretion when it denied recovery of attorney's fees incurred after a plaintiff's final success. See Outdoor Systems Inc. v. City of Tucson, 997 F.2d 604, 619 (9th Cir.1993). Far from mandating that result, Outdoor Systems emphasizes a district court's discretion in such matters: "Our limited review is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." 997 F.2d at 619, quoting Hensley, 461 U.S. at 437, 103 S.Ct. 1933 (internal quotation marks omitted). Here, it was within the district court's discretion to award all fees, rather than only those incurred up to the date of the preliminary injunction. The court did not abuse its discretion in its calculation of the fee award.
 
 
 30
 C. The District Court Did Not Abuse Its Discretion When It Denied Watson Attorney's Fees for Time Spent Opposing Intervention.
 
 
 31
 On cross-appeal, Watson argues that the district court erred in failing to assess against the County the attorney's fees he incurred in opposing motions to intervene filed by the United States and an interested individual.
 
 
 32
 A plaintiff can be awarded fees incurred opposing intervention if the defendant either joined the intervenor's motion or if the intervenor's acts were "made necessary by[the defendant's] opposition to legitimate claims of the party seeking the award." Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir.1991). Neither of those circumstances existed here. The district court did not err in denying Watson his fees connected with opposing the intervenors' motions.
 
 IV. Conclusion
 
 33
 For the foregoing reasons, we affirm the district court.
 
 
 34
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)
 
 
 **
 The court deducted from the fees time spent on unrelated matters and duplicative work