**R. VANKE, Plaintiff—Appellant,**

v.

**Sherman BLOCK; Los Angeles County Board of Supervisors; Lee Baca, Sheriff, Defendants—Appellees.**

**R. Vanke, Plaintiff—Appellee,**

v.

**Lee Baca, Sheriff, in his official capacity only, Defendant—Appellant.**

**Nos. 02–55600, 02–56472.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 9, 2003.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

R. Vanke, on behalf of a class of similarly situated persons (collectively, "Vanke"), appeals the district court's grant of summary judgment in favor of defendants the former and current Los Angeles County Sheriffs and the County of Los Angeles (collectively, "Block"). Block cross-appeals the district court's award of attorneys' fees to Vanke. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the grant of summary judgment and reverse the award of attorneys' fees.[1]

▮ The district court correctly ruled that Vanke's claim for injunctive relief is moot. "A case m[ay] become moot if subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior c[annot] reasonably be expected to recur." *United States v. Concentrated Phosphate Ass'n,* 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). According to the uncontroverted declaration of Charles M. Jackson, the Commander of the Correctional Services Division of the Los Angeles County Sheriff's Department, Block has adopted a new policy for processing court-ordered releases that complies with the terms of the preliminary injunction, and which goes even further toward promoting the prompt release of detainees. Such a conclusive change in policy, absent an indication that it was promulgated only in response to ongoing litigation, is sufficient to render a claim moot. *See White v. Lee,* 227 F.3d 1214 (9th Cir.2000).

▮ Nor did the district court abuse its discretion in denying Vanke's Rule 56(f) motion. Vanke's attorneys did not diligently pursue their previously available discovery options, having conducted only two depositions in the three-year period

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Block's motion to strike Vanke's "third brief on the consolidated appeals" is DENIED.

during which the preliminary injunction was pending, one of which was terminated at Vanke's counsel's behest only twenty minutes after it commenced. *Panatronic USA v. AT & T Corp.*, 287 F.3d 840, 846 (9th Cir.2002) (no abuse of discretion unless the movant diligently pursued its previous discovery opportunities and shows how allowing discovery would have precluded summary judgment). Furthermore, Vanke's counsel failed to "proffer" facts to show that the information sought, "the names of persons (inmates) who were subjected to the unconstitutional policy in violation of the preliminary injunction," actually exists. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment"); *see also VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986) (appropriate to deny a Rule 56(f) motion "where it was clear that the evidence sought was almost certainly nonexistent or was the object of pure speculation").

■ Although the district court correctly found that Vanke was the "prevailing party" under 42 U.S.C. § 1988(b), *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir.2002), it erred in awarding attorneys' fees because the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, precludes such an award. PLRA section 1997e(d) requires that a "prisoner" plaintiff prove an "actual violation" of his rights to be entitled to fees. "Prisoner" is in turn defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The definition of plaintiff's class, as certified by the district court in its order "Granting Motion for Class Certification," by its plain language, brings the class within the PLRA definition of a prisoner. Because this case became moot before the plaintiff class had shown an actual violation of rights, section 1997e(d) precludes an award of attorneys' fees.

AFFIRMED in part/REVERSED in part. Each party shall bear its own costs on appeal.