**ENVIRONMENTAL PROTECTION IN-FORMATION CENTER, a non-profit corporation; Sierra Club, a non-profit corporation, Plaintiffs—Appellees,**

v.

**THE PACIFIC LUMBER COMPANY, a Delaware corporation; Scotia Pacific Holding Company; Salmon Creek Corporation, a Delaware corporation, Defendants—Appellants.**

No. 02–17140.

D.C. No. CV–98–03129–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 24, 2004.

Decided May 7, 2004.

---

Brian Gaffney, Esq., Attorney at Law, Oakland, CA, Richard M. Pearl, Esq., Law Offices of Richard M. Pearl, Sharon E. Duggan, Esq., Law Offices of Sharon E. Duggan, Berkeley, CA, Brendan R. Cummings, Esq., Idyllwild, CA, for Plaintiffs–Appellees.

Frank Shaw Bacik, Esq., Rawles, Hinkle, Carter, Behnke & Oglesby, Ukiah, CA, Edgar B. Washburn, Esq., Christopher J. Carr, Esq., Stoel Rives LLP, San Francisco, CA, for Defendants–Appellants.

Before WALLACE, FISHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Pacific Lumber Company (Pacific) appeals from the dis-

* This disposition is not appropriate for publica-      tion and may not be cited to or by the courts

trict court's order awarding attorneys fees to Plaintiff–Appellee Environmental Protection Information Center, Inc. (Center). The district court had jurisdiction over Center's motion for attorneys fees pursuant to 16 U.S.C. §§ 1540(c) & (g) and 28 U.S.C. § 1331, and we have jurisdiction over Pacific's timely filed appeal pursuant to 28 U.S.C. § 1291. We conclude that the district court did not abuse its discretion by awarding attorneys' fees to Center.

■ The Endangered Species Act (ESA) provides that a district court "may award costs of litigation (including reasonable attorney … fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). Attorneys fees are "appropriate" when granted to a party who achieved "some degree of success on the merits," *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983), meaning that the party "succeed[ed] on any significant issue in litigation which achieves some of the benefit it sought in bringing suit," *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir.2000) (internal citations, quotations, and brackets omitted).

In this case, Center obtained two orders–a temporary restraining order and a preliminary injunction–before its civil action was mooted by a biological opinion from the U.S. Fish and Wildlife Service and the National Marine Fisheries Service (collectively, Services). The district court's orders were based on the merits of the case. They rested on factual findings and legal conclusions delivered orally by the district judge, and they were sufficiently detailed and final to permit immediate appellate review. *See Davis v. City and County of San Francisco*, 890 F.2d 1438, 1451 (9th Cir.1989). Until the case became moot, the orders furnished the precise relief for which Center brought suit: a freeze on Pacific's logging activities within the boundaries of three harvest timber plans. As such, Center achieved sufficient success on the merits to qualify for attorneys' fees under section 1540(g)(4). *See Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir.1980) (holding that a plaintiff may obtain sufficient success on the merits by obtaining a preliminary injunction).

According to Pacific, Center does not qualify for attorneys' fees under section 1540(g)(4) because its action did not advance the interpretation and implementation of the ESA as required by *Carson–Truckee Water Conservancy Dist. v. Sec'y of the Interior*, 748 F.2d 523, 525 (9th Cir.1984). In response, Center argues that this circuit has abandoned *Carson–Truckee*'s "substantial contribution" standard, *see Marbled Murrelet v. Babbitt*, 182 F.3d 1091, 1094–95 (9th Cir.1999) (*"Carson–Truckee*'s holding that the 'substantial contribution' standard applies to prevailing defendants in ESA suits is no longer good law"), and maintains that the district court's attorneys fees award was appropriate here because it "obtained a 'judicial imprimatur' that alter[ed] the legal relationship of the parties." *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir.2002), *quoting Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health*, 532 U.S. 598, 600, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

We need not resolve this doctrinal dispute, because Center's motion for attorneys fees satisfies both standards. As discussed previously, the temporary restraining order and preliminary injunction each reflect a "judicial imprimatur" of success on the merits, which "alter[ed] the legal relationship of the parties." *Id.* Center's action also satisfied *Carson–Truckee* by rendering a "sub-

of this circuit except as provided by Ninth Circuit Rule 36–3.

stantial contribution" to the ESA's goals. As the district court explained, Center's action "establish[ed] the application of section 7(d) of the ESA to private ITP applications as well as clarification that section 7(d) was triggered by informal consultation." *Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 229 F.Supp.2d 993, 1002 (N.D.Cal.2002); *see also* Memorandum from Jamie Rappaport Clark, Director, to Fish and Wildlife Service regional managers (Dec. 11, 2000), *available at* http://endangered.fws.gov/hcp/7(D).html (describing the district court's holding as a significant extension of section 7(d)). The action "likewise facilitated the implementation of the ESA" by preventing Pacific from "making an irreversible or irretrievable commitment of resources pending issuance of the [Services' incidental take permit]" and thereby "preserv[ing] the full panoply of reasonable and prudent alternatives being considered by the Services in the preparation of their biological opinion." *Envtl. Prot. Info. Ctr., Inc.*, 229 F.Supp.2d at 1002. Center's action thus satisfies both *Carson–Truckee*'s "substantial contribution" standard and *Buckhannon*'s "judicial imprimatur" standard.

■ Pacific contends that we should not treat Center as a prevailing party because the district court's order awarding attorneys' fees was "profoundly unfair and … blatantly inconsistent with the proper procedures for disposition of a motion for preliminary injunction." *See Alioto v. Williams*, 450 U.S. 1012, 1013–14, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981) (Rehnquist, J., and White, J., dissenting) (arguing that a party should not be considered "prevailing" when mootness deprives their adversary of an opportunity to appeal). This was no abuse of discretion based upon profound unfairness or improper procedures in the district court's September 3, 1998, preliminary injunction. Pacific was free to file an immediate interlocutory appeal, but it chose instead to forego interlocutory relief, renew its opposition to the preliminary injunction in the district court, and pursue administrative relief rendering Center's civil action moot. In short, Pacific made a strategic decision to forego appellate review, and it must live with that decision's consequences.

■ Finally, Pacific challenges the district court's calculation of the fee award. In Pacific's estimation, Center "achieved nothing of substance" after the September 3, 1998, preliminary injunction, and the district court abused its discretion by awarding attorneys fees for services performed after that date. The district court's fee award to Center was generous, to be sure, but it was not an abuse of discretion. As we held in *Watson*, "it was within the district court's discretion to award all fees, rather than only those incurred up to the date of the preliminary injunction." *Watson*, 300 F.3d at 1097. Thus, the district court did not abuse its discretion by awarding fees for all services performed between the issuance of its September 3, 1998, preliminary injunction, and its March 15, 1999, Order to Show Cause.

AFFIRMED.