IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2008

Charles R. Fulbruge III
Clerk

No. 06-11007

ROY DEARMORE, Individually and as Representative of all
Owners of Single Family Residential Property in Garland,
Texas; A C BLAIR, Individually and as Representative of all
Property Managers in Garland, Texas; MARIE COMBS,
Individually and as Representative of all Tenants of Single
Family Residential Property in Garland, TX

                                        Plaintiffs-Appellees

v.

CITY OF GARLAND

                                        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Defendant-Appellant City of Garland ("the City") appeals from the district court's order awarding attorney's fees to Plaintiffs-Appellees Roy Dearmore, A.C. Blair, and Marie Combs (collectively "Dearmore"), under 42 U.S.C. § 1988(b). This statute authorizes an award of attorney's fees to a "prevailing party" in an action to enforce the provisions of certain federal statutes, including 42 U.S.C. § 1983. The City also appeals from the district court's order denying its motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Because

we conclude that Dearmore is a prevailing party and the district court committed no reversible error in its Rule 59(e) order, we affirm.

## I. FACTS AND PROCEEDINGS

On June 16, 2005, Dearmore filed a complaint against the City under 42 U.S.C. § 1983, challenging the constitutionality of Garland City Ordinance No. 5895 ("the Ordinance"), which related to the maintenance of rental properties in the City. The complaint alleged that various minimum housing standards and inspection procedures contained in the Ordinance violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. That same day, Dearmore filed a motion for a temporary restraining order, seeking to enjoin the City from enforcing the Ordinance.

On June 28, 2005, the district court denied Dearmore's motion for a temporary restraining order. In response, on July 1, 2005, Dearmore filed an amended motion for a temporary restraining order and a motion to reconsider its denial of the temporary restraining order, or in the alternative, a request for an expedited preliminary injunction hearing. On July 6, 2005, the City filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Dearmore's complaint for failure to state a claim. Thereafter, Dearmore amended his complaint and removed his Fifth and Fourteenth Amendment takings and due process claims. Thus, Dearmore's amended complaint alleged only that the Ordinance authorized warrantless searches of private homes, failed to provide a mechanism to notify tenants, property owners, or property managers of their right to refuse a search, and required applicants to disclose personal information, all in violation of the Fourth and Fourteenth Amendments. Dearmore's amended complaint sought a declaratory judgment, injunctive relief, and attorney's fees and costs.

On November 3, 2005, the district court granted Dearmore's motion for a preliminary injunction.[1] In its order, the district court held that in so far as the Ordinance allowed inspections and searches of unoccupied property, it violated a property owner's Fourth Amendment right to be free from unreasonable searches and seizures. As a result, the district court issued a preliminary injunction enjoining the City from enforcing section 32.09(F) of the Ordinance, which required a property owner who rents or leases a single-family dwelling to allow an inspection of the rental property as a condition of issuing a permit, or penalizes the lessor for refusing to allow an inspection.[2] The district court also dismissed Dearmore's other Fourth Amendment claims. On the same date, the district court issued a scheduling order establishing discovery deadlines and setting the case for trial on October 2, 2006.

Following the issuance of these orders on November 3, 2005, counsel for the City informed counsel for Dearmore that he did not need to post the bond necessary to enforce the preliminary injunction because the City planned to amend the Ordinance to address the district court's order. On November 15, 2005, the Garland City Council amended the Ordinance, removing the provisions related to a nonresident owner's consent to the inspection of single-family rental properties and clarifying the circumstances under which the City may seek a warrant to inspect such properties when consent has been refused or could not

---

[1] The district court construed Dearmore's amended motion for a temporary restraining order as a motion for a preliminary injunction, because Dearmore had requested a preliminary injunction in his amended complaint.

[2] The Ordinance provided for criminal penalties for certain violations. Specifically, the Ordinance made it an offense if an owner rented property without a permit. It also made it an offense if an owner refused to allow an inspection by the City. The fines for both offenses were up to $2000 per day.

be obtained. The City notified the district court of this amendment and filed a motion to dismiss Dearmore's action as moot, which Dearmore did not oppose. On November 30, 2005, the district court granted the City's motion and entered final judgment dismissing the case as moot and with prejudice. The order granting this motion found that Dearmore was a "prevailing party" and awarded him attorney's fees and costs under 42 U.S.C. § 1988(b).

On December 12, 2005, the City filed a motion to alter or amend judgment pursuant to Rule 59(e), requesting that the district court not designate Dearmore as a prevailing party and asking that the court re-tax costs against the parties incurring them. On December 13, 2005, Dearmore filed a motion for attorney's fees pursuant to Rule 54(d)(2). On August 29, 2006, the district court denied the City's motion to alter or amend judgment. On September 6, 2006, following a stipulation by the parties as to the amount of fees only, the district court granted Dearmore's motion for attorney's fees. The City appeals both rulings.

## II. STANDARD OF REVIEW

The district court has broad discretion to award attorney's fees under § 1988(b). See Hopwood v. Texas, 236 F.3d 256, 277 (5th Cir. 2000). In evaluating whether the district court abused its discretion to award attorney's fees, this Court reviews the factual findings supporting the grant or denial of attorney's fees for clear error and the conclusions of law underlying the award de novo. Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 482 (5th Cir. 2006). "[T]he characterization of prevailing-party status for awards under fee-shifting statutes such as § 1988 is a legal question subject to de novo review." Bailey v. Mississippi, 407 F.3d 684, 687 (5th Cir. 2005). The denial of a motion

to alter or amend judgment under Rule 59(e) is reviewed for abuse of discretion. Molina v. Equistar Chems. LP, No. 06-41574, 2008 WL 104077, at *2 (5th Cir. Jan. 10, 2008) (unpublished). "However, to the extent that a ruling was a reconsideration of a question of law . . . the standard of review is de novo." Id. (internal quotations omitted). This appeal presents a question of law that is reviewed de novo.

## III. DISCUSSION

In § 1988(b), Congress created an exception to the "American Rule" that litigants pay for their own attorney's fees. See Sole v. Wyner, 127 S. Ct. 2188, 2191 (2007); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). This section provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). This appeal presents an issue of first impression in this Circuit: Whether a plaintiff qualifies as a "prevailing party" under § 1988(b) when he obtains a preliminary injunction after the district court makes an unambiguous indication of probable success on the merits of his claim and the defendant subsequently moots the case before trial in direct response to the court's preliminary injunction order.

Supreme Court and Fifth Circuit precedent provide general guidance on the qualifications for prevailing party status. The Supreme Court has noted that "'[t]he touchstone of the prevailing party inquiry' . . . is 'the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" Sole, 127 S. Ct. at 2194 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792–93 (1989)); see Buckhannon, 532 U.S. at 603 (explaining that "Congress intended to permit the

interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims" (internal quotations omitted)). Such a material alteration must have the "necessary judicial imprimatur." See Buckhannon, 532 U.S. at 605. The Buckhannon Court did not expressly define "judicial imprimatur" but stated that enforceable judgments on the merits and consent decrees are sufficient for prevailing party status. Id. at 604. In so holding, the Buckhannon Court rejected the "catalyst theory," explaining that a defendant's voluntary change in conduct in response to the plaintiff's lawsuit and not a court order, although perhaps accomplishing what the plaintiff sought to achieve, lacks the necessary judicial imprimatur to establish prevailing party status. Id. at 601, 605. This Court considered such Supreme Court precedent in Energy Management and held that, to be a prevailing party, a plaintiff must "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." 467 F.3d at 482.

Although an enforceable judgment on the merits and a court-ordered consent decree have sufficient judicial imprimatur, these examples are not exclusive. See Buckhannon, 532 U.S. at 605 (referencing the judgment on the merits and consent decree as mere "examples"); Dupuy v. Samuels, 423 F.3d 714, 719 (7th Cir. 2005); Select Milk Producers, Inc. v. Johanns, 400 F.3d 939, 945 (D.C. Cir. 2005); John T. v. Del. County Intermediate Unit, 318 F.3d 545, 558 (3d Cir. 2003); Dubuc v. Green Oak Twp., 312 F.3d 736, 753–54 (6th Cir. 2002); Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th Cir. 2002). As a result, lower courts have had difficulties in ascertaining what other forms of judicial

6

action have the "necessary judicial imprimatur" to create prevailing party status, particularly in the context of preliminary injunctions. The Supreme Court has never expressed a view "on whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may . . . warrant an award of counsel fees." Sole, 127 S. Ct. at 2196. Without a Supreme Court decision on point, circuit courts considering this issue have announced fact-specific standards that are anything but uniform. See Planned Parenthood of Houston & Se. Tex. v. Sanchez, 480 F.3d 734, 740–41 (5th Cir. 2007). As this Court has noted,

> several circuits have determined that a preliminary injunction that merely preserves the status quo temporarily will not confer "prevailing party" status on a party; instead, the preliminary injunction must (i) reflect a merits-based decision on an issue involved in the case, see, e.g., John T. v. Del. County Intermediate Unit, 318 F.3d 545, 558–59 (3d Cir. 2003); Dubuc v. Green Oak Twp., 312 F.3d 736, 753 (6th Cir. 2002); Taylor v. City of Fort Lauderdale, 810 F.2d 1551, 1558 (11th Cir. 1987); (ii) constitute substantive, indefeasible relief akin to final relief on the merits because, for example, "the party's claim [for a] permanent injunction is rendered moot by the impact of the preliminary injunction," N. Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1086 (8th Cir. 2006); see also, e.g., Dupuy v. Samuels, 423 F.3d 714, 719, 723 (7th Cir. 2005); (iii) grant the party concrete and irreversible relief in a merits-based decision that vindicates the party's claim and is not appealed by the opposing party, see, e.g., Select Milk Producers, Inc. v. Johanns, 400 F.3d 939, 947–48 (D.C. Cir. 2005); or (iv) incorporate some combination of these factors.

Yousuf v. Motiva Enters. LLC, 246 F. App'x 891, 894 (5th Cir. 2007) (per curiam) (footnotes omitted) (citing Planned Parenthood, 480 F.3d at 740–41). "The Ninth Circuit has . . . taken a relatively generous approach, at least in principle, stating that a 'preliminary injunction issued by a judge carries all the 'judicial

imprimatur' necessary to satisfy Buckhannon.'" Planned Parenthood, 480 F.3d at 741 (quoting Watson, 300 F.3d at 1096). The Ninth Circuit, however, did note that a plaintiff would not qualify as a prevailing party if he obtained a preliminary injunction early in the litigation but later lost on the merits and had a judgment entered against him. Id. (citing Watson, 300 F.3d at 1096). "By contrast, the Fourth Circuit has expressed strong skepticism that a preliminary injunction could ever serve as the basis for prevailing party status," because "'the merits inquiry in the preliminary injunction context is necessarily abbreviated.'" Id. (quoting Smyth v. Rivero, 282 F.3d 268, 276 (4th Cir. 2002)).

This Court has not yet created or endorsed a particular test. Instead, this Court has held that a plaintiff who obtains a preliminary injunction is not a prevailing party if he fails to qualify under any of the other circuits' tests. In Planned Parenthood, the plaintiffs alleged in part that Rider 8, a statute that prohibited the distribution of federal family funds to those who performed elective abortion procedures or who contracted or provided funds to those who perform such procedures, violated the Supremacy Clause. 480 F.3d at 736–37. The district court granted the plaintiffs' motion for a preliminary injunction, enjoining enforcement of Rider 8, and the defendant appealed. Id. at 737. On interlocutory appeal, this Court determined that Rider 8 did not violate the Supremacy Clause and remanded the case, with instructions to dissolve the injunction. Id. On remand, the district court granted the defendant's motion to dismiss the case and denied the plaintiffs attorney's fees. Id. The plaintiffs appealed the denial of fees. Id. This Court held that the plaintiffs were not prevailing parties because (1) the preliminary injunction involved an abbreviated inquiry into the merits coupled with a weighing of likely harms, (2)

the preliminary injunction only preserved the status quo between the parties, (3) the case was not mooted after the preliminary injunction was granted and the defendant appealed, and (4) on remand, the plaintiffs did not seek to avoid the dissolution of the injunction and eventually lost on the merits. Id. at 741–42. Under these facts, this Court had no need to choose between the tests of the other circuits because the plaintiffs clearly failed to qualify under any of them. See id. at 741.

Likewise, in Yousuf, this Court held that the plaintiff was not a prevailing party because he did not qualify under any test. 246 F. App'x at 894. The plaintiff, who leased and operated a Shell service station pursuant to a franchise agreement with the defendant, filed suit after the defendant notified him of its intent to terminate the franchise relationship. Id. at 892. After suit was filed, the parties executed a "Stipulated Standstill Agreement," where they agreed to maintain the status quo of the franchise relationship pending the district court's decision on the preliminary injunction, which the district court adopted as an order of the court. Id. As discovery progressed, the parties reached another agreement and filed a joint stipulation and motion for the entry of a consent judgment on the plaintiff's preliminary injunction motion. Id. The district court, in accordance with the stipulation and motion, issued the preliminary injunction maintaining the franchise relationship, but the order stated that the court made no findings of fact or law on the motion. Id. at 892–93. Before the case could proceed to a jury trial, Hurricane Katrina destroyed the service station, and the defendant terminated the franchise agreement. Id. at 893. The plaintiff then moved to dismiss the case as moot and filed for attorney's fees under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq., based on the entry

of the standstill agreement and preliminary injunction. Id. The district court denied the attorney's fees, and plaintiff appealed. Id. On appeal, this Court affirmed the district court and determined that the plaintiff was not a prevailing party because (1) the preliminary injunction did nothing more than "temporarily preserve the status quo, maintaining the parties' preexisting franchise relationship until the legal issues surrounding the approaching termination of that relationship could be addressed on the merits," (2) the district court did not consider the merits of plaintiff's claim and explicitly noted that it had not made any findings of fact or conclusions of law in its order granting the preliminary injunction per the parties' agreement, and (3) the plaintiff's claim became moot "not because the court orders were so successful for [the plaintiff] that they rendered any further relief unnecessary, but rather because of the unrelated impact of Hurricane Katrina." Id. at 894–95.

Unlike Planned Parenthood or Yousuf, this case does not fail every test employed by the other circuits. As noted, the Sixth Circuit provides that a plaintiff is a prevailing party if the preliminary injunction represents an "unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because the balance of equities greatly favors the plaintiff." Dubuc, 312 F.3d at 753 (internal quotations omitted). Likewise, the Seventh Circuit states that a plaintiff may obtain attorney's fees when the district court engaged in a discussion on the merits of the claim when considering a preliminary injunction motion, and the case was mooted after the plaintiffs were granted a preliminary injunction but before they requested attorney's fees. See Dupuy, 423 F.3d at 722–23. Further, the Ninth Circuit holds that a plaintiff is entitled to attorney's fees if he obtained a preliminary

injunction and the case was subsequently mooted. See Watson, 300 F.3d at 1096. Here, the district court considered the merits of Dearmore's claim and clearly concluded that a provision of the Ordinance violated the Fourth Amendment. In response to the district court's grant of this preliminary injunction, the City amended the offending provision of the Ordinance, thereby mooting the case. Under these facts, at a minimum, it appears that Dearmore qualifies as a prevailing party under the Sixth, Seventh, and Ninth Circuits' tests. As a result, we are not required to reverse the district court's grant of attorney's fees to Dearmore under Planned Parenthood, 480 F.3d at 740–42, or Yousuf, 246 F. App'x at 894.

The City urges this Court to hold that Dearmore is not a prevailing party because the preliminary injunction simply maintained the status quo until trial, did not provide final relief on the merits, and did not materially alter the legal relationship between the parties. The City contends that it changed its position by amending the offending provision of the Ordinance voluntarily, not because the preliminary injunction required it to do so. Dearmore, on the other hand, argues that he is a prevailing party because he won a preliminary injunction sufficiently grounded in the merits, which provided him with some judicial relief. Dearmore also asserts that the grant of the preliminary injunction and the City's subsequent amendment of the offending portion of the Ordinance represents a judicially-sanctioned material change in the legal relationship between the parties.

The position urged by the City is simply not compelled by Buckhannon. Contrary to the City's argument, Buckhannon does not stand for the proposition that a defendant should be allowed to moot an action to avoid the payment of the

plaintiff's attorney's fees when a district court grants a preliminary injunction based upon an unambiguous indication of probable success on the merits. Instead, we agree with Dearmore that this preliminary injunction, coupled with the City's subsequent mooting of the case, is sufficient to establish prevailing party status.

Under these facts, to qualify as a prevailing party under § 1988(b), we hold that the plaintiff (1) must win a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits.[3] Such a test satisfies Buckhannon, because it requires that a party obtain a judicial ruling which results in a material change in the legal relationship between the parties. It also does not implicate the "catalyst theory," which the Supreme Court struck down in Buckhannon, because this test grants prevailing party status only when the defendant moots the plaintiff's action in response to a court order, not just in response to the filing of a lawsuit. Likewise, it complies with the general prevailing party standard announced by this Court in Energy Management, 467 F.3d at 482.

Dearmore clearly satisfies the three-prong test for prevailing party status announced herein. First, it is undisputed that the district court granted

---

[3] Although not part of our test, we note that when a defendant moots an action in response to the district court's preliminary injunction order, the defendant will have generally acceded to the order and thus will not have appealed. This lack of an appeal by a defendant has been noted by this Court and others to be a factor favoring a finding of prevailing party status. See, e.g., Planned Parenthood of Houston & Se. Tex. v. Sanchez, 480 F.3d 734, 741–42 (5th Cir. 2007); Select Milk Producers, Inc. v. Johanns, 400 F.3d 939, 948 (D.C. Cir. 2005).

Dearmore a preliminary injunction—an enforceable judgment—by court order on November 3, 2005. Thus, Dearmore has satisfied the first prong of the test.

Second, the district court granted the preliminary injunction based upon its assessment that Dearmore would likely succeed on the merits of his Fourth Amendment claim, not because of any balancing of the equities in his favor. See Dubuc, 312 F.3d at 753 (holding that a plaintiff is entitled to prevailing party status when he obtains a preliminary injunction based upon the merits of his claim); Haley v. Pataki, 106 F.3d 478, 483 (2d Cir. 1997) (holding that "[w]hen a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits"); Taylor v. City of Fort Lauderdale, 810 F.2d 1551, 1558 (11th Cir. 1987) (stating that "a preliminary injunction on the merits, as opposed to a merely temporary order which decides no substantive issues but merely maintains the status quo, entitles one to prevailing party status and an award of attorney's fees"). In its order, the district court clearly informed the City that certain provisions of its Ordinance violated the Fourth Amendment, stating:

> Inspections and searches of unoccupied property would clearly infringe on the property owner's right under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure. In these limited situations, where the property is unoccupied, the protections guaranteed by the Fourth Amendment to the United States Constitution to the property owner outweigh any interest that the government has in protecting the health, safety or welfare of the public . . . . The ease with which the City could acquire an administrative search warrant makes unnecessary the need for the City to require property owners to forego in advance their rights guaranteed by the Fourth Amendment. The court fully understands that the City has a valid

and important governmental interest in protecting the public, however, the court sees no reason why this should be done at the expense of infringing on rights guaranteed by the Fourth Amendment to the United States Constitution.

Dearmore v. City of Garland, 400 F. Supp. 2d 894, 903 (N.D. Tex. 2005). Although the district court indicated that it was "viewing [the facts] in the light most favorable to Dearmore" and that Dearmore was likely to prevail, see id. at 904, this language was used to conform to the standard necessary for the issuance of a preliminary injunction. Therefore, this is not a case where the preliminary injunction was based less on the district court's view of the merits than on a perceived hardship to the plaintiff. Rather, the district court's grant of the preliminary injunction was clearly merit-based, and thus Dearmore has satisfied the second prong of the test.

Third, the district court's grant of the preliminary injunction directly caused the City to amend the offending portion of the Ordinance, thereby mooting the case and preventing Dearmore from obtaining final relief on the merits. We note that this is not a case in which the City voluntarily changed its position before judicial action was taken. Indeed, if the City had mooted the case through amending the Ordinance before the court granted the preliminary injunction, then Dearmore could not qualify as a prevailing party under Buckhannon because it would have improperly invoked the "catalyst theory." The City, however, mooted the case after and in direct response to the district court's preliminary injunction order. There is an obvious direct causal link between the district court's issuance of the preliminary injunction and the City's subsequent amendment of the Ordinance to moot the case. Almost immediately following the district court's issuance of the preliminary injunction, counsel for

14

the City informed counsel for Dearmore that Dearmore need not post the bond to enforce the injunction, because the City planned to amend the Ordinance to address the district court's concerns. Twelve days after the district court issued the injunction, the Garland City Council amended the provision of the Ordinance that the district court held to be violative of the Fourth Amendment. Dearmore has satisfied the third prong of the test, and thus he is entitled to attorney's fees and costs under § 1988(b).[4]

In support of our holding, we note that the merits-based preliminary injunction here, coupled with the City's mooting of the action in direct response to the injunction, caused a material alteration in the legal relationship between the parties. The fact that Dearmore never obtained a final judgment on the merits does not affect our ruling, as a final judgment is not required. We, like the District of Columbia Circuit, conclude that "Buckhannon embraces the possibility that, under certain circumstances, a preliminary injunction, like a consent decree [which does not always include an admission of liability], may result in a court-ordered change in the legal relationship between the parties that is sufficient to make the plaintiff a 'prevailing party' under a fee-shifting statute." Select Milk Producers, 400 F.3d at 945. This is such a case. When the district court granted the preliminary injunction, it provided Dearmore with the interim judicial relief that he requested—it blocked the City from enforcing the portion of the Ordinance that violated the Fourth Amendment. Because of this

---

[4] We note that the test we articulate here is only applicable in the limited factual circumstances described above. By its terms, it only applies when a plaintiff obtains a preliminary injunction based on an unambiguous indication of probable success on the merits, which causes the defendant to moot the action, thereby preventing the plaintiff from obtaining final relief on the merits. As a result, this test does not signal any disagreement with the approaches adopted by the other circuits, with the exception of the Fourth Circuit.

injunction, the City could not conduct warrantless searches or impose criminal penalties for noncompliance under the offending provision of the Ordinance. When the City modified its behavior in direct response to the injunction and mooted the case, it ultimately provided Dearmore with his desired result. Dearmore was never subjected to section 32.09(F) of the Ordinance, which is what he sought. Such a situation satisfies Buckhannon and justifies conferring prevailing party status to Dearmore under these facts.

## IV. CONCLUSION

The district court's award of attorney's fees and denial of the City's Rule 59(e) motion is AFFIRMED.