**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

No. 08-10911
Summary Calendar

Charles R. Fulbruge III
Clerk

PEDRO A LOPEZ; LUIS ALFREDO SIERRA T; YOLANDA C SIERRA; HOMER HINOJOSA; ILDA CISNEROS; LUCINDA HINOJOSA,

Plaintiffs–Appellants

v.

THE CITY OF DALLAS TEXAS,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
USDC No. 3:03-CV-2223

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellants were African-American and Hispanic owners and occupants of homes in the Cadillac Heights neighborhood of Dallas, Texas. They alleged racial discrimination by the City of Dallas in the provision of municipal services, in violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. §§ 1981, 1983, 2000d, and 3604, and 24 C.F.R. § 100.65.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The parties resolved these claims after the city agreed, contingent upon arranging financing, to offer to purchase Plaintiff-Appellants' homes. Plaintiff-Appellants subsequently filed a motion for attorneys' fees under 42 U.S.C. §§ 1988 and 3613, arguing they were prevailing parties entitled to such an award. The district court denied the motion, stating that it had not lent its judicial imprimatur to the settlement of the claims. Plaintiff-Appellants appealed. The characterization of prevailing-party status is a legal question subject to *de novo* review. *Bailey v. Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005). For the reasons stated below, we affirm.

Sections 1988(b) and 3613(c)(2) allow a court, in its discretion, to award attorneys' fees to a prevailing party. To be a prevailing party, "a plaintiff must (1) obtain actual relief, such as an enforceable judgment or consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (citing *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006)). The first element is crucial; it is not enough to bring about "a defendant's voluntary change in conduct in response to the plaintiff's lawsuit and not a court order." 519 F.3d at 521. Rather, in order for the plaintiff to be a prevailing party, the court must lend its "judicial *imprimatur*" to a resolution of the dispute favorable to the plaintiff. *Id.* Judgments on the merits and settlement agreements enforced through a consent decree possess the necessary judicial imprimatur. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001); *Dearmore*, 519 F.3d at 521. Private settlements ordinarily do not, because they lack judicial approval and oversight. *Buckhannon*, 532 U.S. at 604 n.7.

Plaintiff-Appellants' private settlement with the city did not entail the requisite judicial approval and oversight to obtain prevailing-party status. They

point to the district court's participation in a telephone conference that resulted in settlement, but this was not enough. The district court did not review or evaluate the specific home purchase proposals or the merits of the underlying litigation during the telephone conference. It simply facilitated negotiation and made removal of the case from the trial docket contingent on the progress of the settlement. The terms by which the parties resolved the dispute were not incorporated into any order of the court.

The district court's ruling is AFFIRMED.