# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2010

No. 09-30523

Lyle W. Cayce
Clerk

CHRIS AUGUSTINE; VERNON SIMON; CHARLES E. GUILLORY,

Plaintiffs - Appellants

v.

POLICE JURY OF AVOYELLES PARISH; HENRY HINES; ELZIE R. BRYANT; KIRBY ROY, III; MARK A. BORRELL; DALE LABORDE; ANTHONY DESSELLE; MCKINLEY KELLER; TYRONE DUFOR; KEITH W. LACOMBE,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1662

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Several minority residents of Avoyelles Parish, Louisiana seek to be declared prevailing parties and awarded attorney's fees in their reapportionment action against the parish police jury. The district court determined that plaintiffs were not prevailing parties, and were therefore not entitled to an award of attorney's fees. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30523

The Supreme Court outlined the legal framework for identifying "prevailing parties" in fee-shifting cases. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). We have interpreted that decision to require a plaintiff to "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (citation omitted).

The district court here determined that the order disposing of the plaintiffs' claims did not bear sufficient judicial imprimatur to constitute a consent decree under *Buckhannon*. In order to be a consent decree, the court observed, an order must direct the parties to do something and provide relief on the merits. *See Aronov v. Napolitano*, 562 F.3d 84 (1st Cir. 2009) (en banc). Because the decree in this case merely ordered the parties to comply with statutory procedures and did not reach the merits of the claim, the district court denied plaintiffs' request for attorney's fees.

We agree with the district court that the order in question does not contain sufficient judicial force to be termed a "consent decree." There is no indication that the court considered the merits of plaintiffs' arguments, nor is there any independent court-ordered relief. Accordingly, we AFFIRM.

2