C.H., II, a Minor, by and through his mother and next friend, L.H., and his father and next friend, C.H.; C.H., Individually; L.H., Individually, Plaintiffs–Appellants

v.

RANKIN COUNTY SCHOOL DISTRICT; City of Flowood, Mississippi; Kalvin Robinson; Richard Morrison; Wendy Tucker; Dimitri Ellison; Wealton Beverly; Hinds Community College; Jerry Cox; Cheryl Lott, Defendants–Appellees

C.H., II, a Minor, by and through his mother and next friend, L.H., and his father and next friend, C.H.; C.H., Individually; L.H., Individually, Plaintiffs–Appellants

v.

Rankin County School District; Kalvin Robinson; Richard Morrison; Wendy Tucker, Defendants–Appellees.

Nos. 10–60380, 10–60697.

United States Court of Appeals, Fifth Circuit.

March 4, 2011.

Carroll E. Rhodes, Esq., Attorney, Law Offices of Carroll Rhodes, Hazlehurst, MS, for Plaintiffs–Appellants.

Joseph Lee Adams, Mark D. Fijman, Gary Erwin Friedman, Esq., Phelps Dunbar, L.L.P., Jon Randall Patterson, Esq., Jennifer Graham Hall, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Jackson, MS, for Defendants–Appellees.

Before REAVLEY, JOLLY, and STEWART, Circuit Judges.

PER CURIAM: *

Appellants appeal the district court's (1) March 30, 2009, 2009 WL 900726, order dismissing Defendants City of Flowood, Wealton Beverly, Dimitri Ellison, Cheryl Lott, and Jerry Cox; (2) January 29, 2010 order dismissing defendant Hinds Community College; (3) April 16, 2010, 2010 WL 1541471, order granting summary judgment for the remaining Defendants Rankin County School District, Kalvin Robinson, Richard Morrison, and Wendy Tucker;[1] (4) April 16, 2010 entry of final judgment, and (5) July 29, 2010 order granting in part Defendants Rankin County School District, Kalvin Robinson, Richard Morrison, and Wendy Tucker's motion for attorney's fees. We affirm.

## I. Background

### 1. Factual Background

C.H., II was involved in a physical altercation after school with another student, G.G. Pursuant to school policy, Assistant Principal Kalvin Robinson called City of Flowood Police Officer Wealton Beverly, the high school's Resource Officer, for assistance. Meanwhile, Assistant Principal Richard Morrison arrived at the scene of the altercation and separated the two boys. Shortly thereafter Officer Beverly and Officer Dimitri Ellison arrived on the scene along with an ambulance and Emergency Medical Technicians. The Technicians ex-

amined both boys. C.H., II had only minor injuries. The officers, therefore, cuffed him, placed him in the police car, and took him to the police station where he was uncuffed. He was never put in a cell. As soon as his mother reached the station, C.H., II was released into her custody. G.G.'s injuries were serious enough that the Technicians wanted to transport him to the hospital. G.G., worried about the cost of the transport, asked that his mother be called instead. She was called and took him to the hospital for evaluation. Both boys were charged with disorderly conduct, suspended for 10 days, and failed to receive credit for their summer school course.

In the fall of the following year, C.H., II took an auto body class operated by Hinds Community College.[2] After one of the female students complained of sexual harassment during class, including C.H., II's use of a blower on his jumpsuit in an inappropriate manner, Defendants Jerry Cox—the instructor—and Cheryl Lott—the director—attempted to search and photograph C.H., II's jumpsuit. C.H., II refused the search and was suspended for two days. After the suspension, Cox told C.H., II that in order to return to the class, C.H., II must agree to go to counseling. C.H., II responded that "he only needed God and his father and he did not need to go to counseling." Subsequently, Cox and Lott requested that C.H., II and his father sign an instructor-student classroom/lab contract, which outlined expected behavior from the instructor and the student. Citing religious reasons, C.H., II and his father refused to sign the contract.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

1. Wendy Tucker is now Wendy Clemons. For ease of use, the court uses Tucker here because it was her name at the time of the incident.

2. Hinds offered the class to high school students, like C.H., II, in cooperation with area high schools.

Therefore, Cox and Lott barred C.H., II from the auto body class.

## 2. Procedural Background[3]

C.H., II and his parents filed suit pursuant to 42 U.S.C. § 1983 against three groups of Defendants. Against the City of Flowood, Beverly, and Ellison, they asserted claims of (1) false arrest; (2) violations of substantive and procedural due process; and (3) violation of equal protection. Plaintiffs sued Rankin County School District, Robinson, Morrison, and Wendy Tucker[4] for (1) false arrest, (2) violations of procedural and substantive due process, and (3) violation of his right to equal protection. Last, Plaintiffs accused Hinds Community College, Cox, and Lott of violating C.H., II's First Amendment right to the free exercise of religion.

On March 30, 2009, the district court granted Defendants Beverly and Ellison's Rule 12(c) motion to dismiss, finding that the officers were entitled to qualified immunity on Plaintiffs' false arrest claim and that Plaintiffs had failed to state a valid claim on their equal protection and due process claims. The district court also granted the City of Flowood's Rule 12(c) motion to dismiss[5] for failure to state a claim. Additionally, the district court granted Defendants Cox and Lott's Rule 12(c) motion to dismiss, holding that Plaintiffs had failed to state a valid equal protection claim and that Cox and Lott were entitled to qualified immunity on Plaintiffs' First Amendment claim.

On January 29, 2010, the district court granted Defendant Hinds Community College's unopposed motion for summary judgment. And on April 16, 2010, the district court granted the remaining Defendants' motion for summary judgment and entered final judgment for Defendants. Plaintiffs timely filed their notice of appeal. Shortly after the entry of final judgment, Rankin County School District, Robinson, Morrison, and Tucker filed a motion for attorney's fees, which the district court granted in part. Plaintiffs also timely appealed that order. We consolidated the appeals and now consider them together.

## II. Analysis

In their notices of appeal, Plaintiffs appeal all four of the district court's orders identified above. However, they failed to brief any issues raised in the district court's January 29, 2010 order granting Hinds Community College's unopposed motion for summary judgement and have therefore waived any appeal from that order. *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 417 (5th Cir.2009) ("[W]e deem this issue waived due to inadequate briefing."). We therefore turn to the issues raised by Plaintiffs on the district court's other orders.

### 1. March 30, 2009 Order

We review a district court's order granting a Rule 12(c) motion for judgment on the pleadings *de novo,* using the same standards we apply to a Rule 12(b)(6) mo-

---

**3.** Before filing this federal court action, C.H., II and his parents appealed his summer school suspension to the Rankin County School Board. After a hearing, the Board upheld the suspension.

**4.** Wendy Tucker (now Wendy Clemons) was the principal of the school C.H., II was attending at the time of the fight and was the official who suspended C.H., II for 10 days.

**5.** The Defendants did not specify the Rule pursuant to which they were moving for dismissal. However, since they had already answered the complaint, we assume *arguendo* that the motion was made pursuant to Rule 12(c).

tion to dismiss. *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir.2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes,* 624 F.3d at 210. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949 (internal citation omitted). A district court may look to the pleadings and any documents attached thereto. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir.2002).

### A. Defendants City of Flowood, Officer Beverly, and Officer Ellison

■ Plaintiffs first argue that the Defendants improperly argued to the district court below that the officers needed only meet a reasonableness standard to demonstrate that they had not falsely arrested C.H., II. They also contend that the officers could not show probable cause for the arrest based on double-hearsay. Both arguments ignore the holding of the district court. The district court held that the officers were entitled to qualified immunity on Plaintiffs' false arrest claims because no constitutional violation had occurred. Specifically, the district court found that on the basis of the eyewitness testimony of either Robinson or Morrison[6] as noted in

the police report attached to the complaint, the officers had probable cause to arrest C.H., II. "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. McCowan,* 469 F.3d 386, 390 (5th Cir.2006) (internal quotation omitted). The district court held and we agree that the Plaintiffs' complaint and attached materials establish that Beverly and Ellison arrived on the scene where they were told by an administrator that C.H., II had been observed on top of G.G. hitting and kicking him. Moreover, according to the Emergency Medical Technicians, G.G. needed medical attention for his injuries. Even assuming *arguendo* that the administrator had not actually seen any part of the fight and that C.H., II had been merely defending himself, based on the information that Beverly and Ellison were given at the time of the arrest and G.G.'s injuries, the officers clearly had probable cause to arrest C.H., II.

■ Plaintiffs next argue that the Defendants violated C.H., II's due process rights. At the district court level, Plaintiffs argued that the officers violated C.H., II's procedural and substantive rights when they allegedly processed C.H., II without a Youth Court Detention Order. In their motion to dismiss, Defendants argued *inter alia* that a claim under § 1983 may not be predicated on a violation of a state statute. In Plaintiffs response, they countered that (1) C.H., II had a liberty interest in "freedom from unlawful arrest," (2) Mississippi law required a Youth Court custody order before arrest, and (3) the officers' conduct in handcuffing C.H., II—

---

**6.** The police report does not specify which administrator reported witnessing part of the fight, but based on other testimony in the record, it was most likely Morrison who told the officers that he witnessed the fight.

an African American student—but not G.G.—a white student—was arbitrary, capricious, and discriminatory, and shocked the conscience. The district court found that they had not articulated an independent federal right that had been violated. We agree. Plaintiffs' argument that C.H., II had a liberty interest runs afoul of the Supreme Court's admonition that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S.Ct. 1708, 1714, 140 L.Ed.2d 1043 (1998) (internal quotation omitted). Since C.H., II's alleged liberty interest was in freedom from unlawful arrest, it is subsumed within his Fourth Amendment false arrest claim discussed above. Plaintiffs' Youth Court custody order argument does not implicate a federally protected right because it addresses the violation of a state statute and is therefore not cognizable under § 1983. And, Plaintiffs' "shocks the conscience argument" is, like their liberty interest argument, addressed as part of their Fourth Amendment claim.

On appeal, Plaintiffs argue that although the violation of the Youth Court custody order requirement alone could not sustain a § 1983 claim, when coupled with a lack of probable cause it becomes a violation of the Due Process Clause. This argument is probably waived because Plaintiffs did not stress the combination of a lack of a Youth Court custody order and a lack of probable cause to the district court. In any event, the argument fails. As we held above, the officers did have probable cause to arrest C.H., II.

Additionally, Plaintiffs attempt to argue that the officers violated C.H., II's right to equal protection under the law because (1) C.H., II is African American and G.G. is white; (2) C.H., II was arrested and G.G. was not; and (3) G.G.'s mother was called to get him at the high school while C.H., II's mother was called to get C.H., II from the police station. "[T]he Supreme Court [has] recognized an equal protection claim based on a 'class of one.' To establish such a claim, the plaintiff must show that (1) he or she was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment." *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 824 (5th Cir.2007) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (2000)). The district court correctly held that C.H, II and G.G. were not treated differently because according to the police reports attached to the complaint, both boys were arrested and charged with the same offense on the same day.[7] Additionally, they were not similarly situated because G.G. needed medical attention and C.H., II did not. Alternatively, the district court concluded that even if the boys were similarly situated, any difference in treatment—G.G.'s mother coming to the school while C.H., II's came to the police station—was based rationally on the fact that G.G. needed medical attention before going to the station. Therefore, the district court held that the Plaintiffs had failed to state a valid equal protection claim. We agree. Additionally, we agree that having held that Beverly and Ellison committed no constitutional violations, the district court was correct to dismiss the claims against the City of Flowood, all of which were

---

**7.** In light of Plaintiffs' assertion to us that G.G. was not arrested, we here take a moment to remind Plaintiffs' counsel that candor to the tribunal is more than an empty phrase, but rather an essential ingredient to practicing law.

predicated on the actions of its police officers.

### B. Defendants Lott and Cox

█ The only issue briefed on appeal relating to the district court's order granting Defendants Lott and Cox's motion to dismiss is Plaintiffs' argument that Lott and Cox violated C.H., II's First Amendment right to the free exercise of religion when they excluded him from the auto body course because of his religiously-based refusal to engage in counseling. This argument is unavailing. Lott and Cox did not refuse his reentry into the class because of his stated religious preferences. They enforced a rule of discipline applicable to all students. And, since he has no constitutional right to choose his own curriculum, his exclusion from auto body class does not rise to the level of a constitutional violation. *See Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 27 (5th Cir.1997). The district court did not err when it granted Cox and Lott's motion to dismiss.

### 2. April 16, 2010 Order

"We review a grant of summary judgment *de novo* under the same standard applied by the district court." *Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 247 (5th Cir.2009). "Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* at 247–48. "Fact questions are viewed in the light most favorable to the nonmoving party and questions of law are reviewed *de novo.*" *Id.* at 248.

█ On April 16, 2010, the district court granted Defendants Rankin County School District, Robinson, Morrison and Tucker's motion for summary judgment and entered final judgment for Defendants. The Plaintiffs raise three issues here on appeal. First, they argue that pursuant to a school policy Morrison arrested C.H., II without probable cause for fighting. Plaintiffs contend that Morrison did not see the fight. The facts do not support this contention. Morrison may not have seen the entire fight, but he testified that he arrived in time to see C.H., II on top of G.G. kicking and hitting him, and that he saw C.H., II hitting G.G.'s head into the concrete in one of the worst fights that Morrison had seen. Morrison, in detaining C.H., II until the arrival of the police, cannot be faulted.[8]

█ Plaintiffs also contend that Wendy Tucker—C.H., II's principal—violated his due process [9] rights secured by the Fourteenth Amendment when she suspended C.H., II allegedly with no explanation or opportunity to refute the charges. This assertion misstates the record. The facts as clearly articulated in the district court's order demonstrate that Tucker called C.H., II in to her office and asked him if he knew why he was being suspended. He told her why and argued for a shorter suspension. She considered his explana-

---

8. Plaintiffs also argue that C.H., II should not have been arrested because he was acting in self-defense when G.G. issued a verbal challenge to fight after school. Assuming *arguendo* that G.G. instigated the fight, that does not mean that G.G. was the aggressor in the actual fight itself. The evidence showed that C.H., II did not go to a teacher to tell about the challenge. Instead, he went to the appointed place for the fight and waited for G.G. Moreover, C.H., II dominated the fight physically as is evident by the scene Morrison witnessed and the difference in the severity of the injuries to both the boys. Morrison was not unjustified in his initial conclusion that C.H., II was not defending himself.

9. On appeal Plaintiffs never specify whether they assert substantive or procedural due process rights. Since the cases they cite govern procedural due process claims, we address procedural due process. Any argument regarding substantive due process is waived. *See Mullins*, 564 F.3d at 417.

tion that he was defending himself but rejected it and suspended him for ten days. That is all the process that is required. *Goss v. Lopez,* 419 U.S. 565, 582, 95 S.Ct. 729, 740, 42 L.Ed.2d 725 (1975) (holding that for a short suspension of 10 days or less, the student need only informally be told what he is accused of doing and be given an opportunity to explain his version of the facts); *Keough v. Tate Cnty. Bd. of Educ.,* 748 F.2d 1077, 1080 (5th Cir.1984).

Last, Plaintiffs appear to argue that the school officials violated C.H., II's right to equal protection when they treated him differently from G.G. However, for the same reasons his equal protection claim against Officers Beverly and Ellison fails as discussed above, C.H., II's equal protection argument against the District also fails.

### 3. July 29, 2010 Order

A district court's award of attorney's fees under 42 U.S.C. § 1988 is reviewed for an abuse of discretion. *Merced v. Kasson,* 577 F.3d 578, 594 (5th Cir.2009). "We review findings of fact for clear error and conclusions of law de novo." *Dearmore v. City of Garland,* 519 F.3d 517, 520 (5th Cir.2008). Plaintiffs argue that the district court abused its discretion in awarding attorney's fees because all of their claims were meritorious.

In a civil rights case the district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee...." 42 U.S.C. § 1988(b). We find no abuse of discretion in the award of fees. We have held that a prevailing defendant is entitled to attorney's fees under § 1988 "only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *Myers v. City of West Monroe,* 211 F.3d 289, 292 (5th Cir.2000) (internal quotation marks and citation omitted). The district court awarded fees relating to only some

of the Plaintiffs' claims: substantive due process; equal protection; and municipal court prosecution. Additionally, the court awarded only partial fees on the equal protection and municipal court prosecution claims. For each of the claims, the district court made specific and detailed findings of fact as to the point at which the claims appeared lacking in arguable merit. Plaintiffs never pursued the substantive due process claim against the school but never dropped it, forcing the District to brief it in its summary judgment motion. On the municipal court prosecution and equal protection claims, although the district court ruled twice that the Plaintiffs had failed to state a claim on either claim, Plaintiffs continued to pursue them rather than concede. We cannot say that the district court abused its discretion when it awarded attorney's fees for the defense of all or part of these unreasonable claims.

AFFIRMED.