# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 30, 2017

Lyle W. Cayce
Clerk

ABELARDO G. GONZALEZ,

Plaintiff-Appellant

v.

I. TAYLOR, McConnell Unit Inmate Property,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CV-46

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Abelardo G. Gonzalez, Texas prisoner # 01622682, appeals the district court's dismissal as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) of his 42 U.S.C. § 1983 civil rights complaint. He contends that the district court erred in severing his claims against Officer I. Taylor and transferring them to the Corpus Christi Division of the Southern District of Texas.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40061

The McConnell Unit is located in the city of Beeville, in Bee County, Texas. Bee County is part of the Corpus Christi Division of the Southern District of Texas. The district court did not abuse its discretion in transferring Gonzalez's claims against Officer Taylor to the Corpus Christi Division because the incident occurred there, and Officer Taylor was in that district. *See* 28 U.S.C. § 1404(a); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

According to Gonzalez, the district court did not consider all of his objections, adopted misstatements of fact, and erred in dismissing his claims against Officer Taylor as frivolous and for failure to state a claim. A district court must dismiss a prisoner's civil rights complaint if, inter alia, it is frivolous or fails to state a claim for relief. § 1915(e)(2)(B); § 1915A(b)(1). Where the district court dismisses a complaint under § 1915(e)(2)(B) as both frivolous and for failure to state a claim, as here, our review is de novo. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint is considered frivolous if it has no "arguable basis in law or fact." *Id.* (internal quotation marks and citation omitted).

The district court did not err in holding that Gonzalez failed to allege sufficient facts to state a claim that Officer Taylor's actions prejudiced his position as a litigant in his federal habeas proceeding. *See Samford*, 562 F.3d at 678. Gonzalez was able to file two sets of objections in his federal habeas proceeding. Although Gonzalez identified additional objections that he would have raised in his habeas proceeding if he had received his legal materials from Officer Taylor, he did not explain why he needed these legal materials in order to prepare and file these additional objections. In addition, Gonzalez acknowledged that the Carol Young Medical Facility (CYMF) in which he was incarcerated had a law library and that he had a legal assistant who helped

2

him prepare pleadings in his habeas proceeding.  Gonzalez did not explain why he needed his legal materials to determine the deadlines for filing a timely notice of appeal and a timely motion pursuant to Federal Rule of Civil Procedure 59(e), or why he could not have found the information concerning these deadlines in the CYMF law library.  The district court did not err in determining that Gonzalez did not allege sufficient facts to state a claim that he was prevented by Officer Taylor's actions from filing meaningful objections, a timely notice of appeal, and a timely Rule 59(e) motion in his habeas proceeding.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351-53, 356 (1996).  The district court correctly held that an alleged violation of Texas Department of Criminal Justice policies does not constitute a constitutional violation.  *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).  Gonzalez's arguments concerning misstatements of fact and other alleged errors are conclusional as he does not explain how these alleged errors are relevant to the issue whether his position as a litigant in the habeas proceeding was prejudiced by Officer Taylor's actions.  Therefore, Gonzalez has not shown that the district court erred in dismissing his complaint against Officer Taylor as frivolous and for failure to state a claim.  *See Samford*, 562 F.3d at 678.

Finally, Gonzalez contends that the district court erred in denying his Rule 59(e) motion.  The district court did not err in holding that Gonzalez could not raise in a Rule 59(e) motion the same arguments that had already been rejected.  *See Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008).  The allegedly new evidence that Gonzalez submitted did not have any bearing on the issue of whether Gonzalez's position as a litigant in his habeas proceeding was prejudiced by Officer Taylor's actions.  Further, the postjudgment motions that Gonzalez filed in his prior federal habeas

proceeding were denied; the habeas court did not find that the issues raised had arguable merit.  Gonzalez has not shown that the district court abused its discretion by denying his Rule 59(e) motion.  *See Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008).

Gonzalez's appeal lacks arguable merit and is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  The dismissal of the instant appeal and the district court's dismissal of Gonzalez's complaint count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Gonzalez is cautioned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  Gonzalez's motion for appointment of counsel is also denied.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.