# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2021

Lyle W. Cayce
Clerk

No. 20-40083
Summary Calendar

Mark Cliff Schwarzer,

*Plaintiff—Appellant*,

*versus*

Brody Shanklin; Robert French; Sherri Adelstein; Paul
Johnson; Sharon Keller,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-434

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Mark Cliff Schwarzer, Texas prisoner # 1433741, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against a district attorney, two state judges, a clerk of court, and a court reporter related to their alleged actions

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and omissions in connection with his state criminal trial and state habeas proceedings. The district court granted the defendants' motions to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Schwarzer filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the district court denied. He now appeals both the dismissal of his complaint and the denial of his Rule 59(e) motion.

We review de novo a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). We review the denial of a Rule 59(e) motion for an abuse of discretion. *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008).

Schwarzer first argues that, because the district court initially referred his case to a magistrate judge (MJ), it was required to wait for the MJ to issue a recommendation before the court could "resume jurisdiction" over his case. His argument is without merit as the district court retains total control and jurisdiction over cases referred to an MJ. *See United States v. Raddatz*, 447 U.S. 667, 681-82 (1980).

In dismissing Schwarzer's complaint, the district court concluded that he failed to establish standing to bring suit for injunctive relief that would require the defendants to take certain actions in the performance of their duties. The court also determined that Schwarzer failed to show that the defendants were not immune from suit under the Eleventh Amendment. Schwarzer argues that his claims fall within the exception to Eleventh Amendment immunity provided by *Ex parte Young*, 209 U.S. 123, 155-56 (1908). Schwarzer does not meaningfully challenge the district court's determination that he lacked standing to seek injunctions directing the defendants in the performance of their duties. Accordingly, he has

abandoned any challenge to the district court's dismissal on that basis. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

To the extent that Schwarzer challenges the district court's dismissal of his claims seeking litigation costs and "prospective declaratory relief," he lacked standing to bring those claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998); *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). To the extent that he challenges the dismissal of his claim seeking an injunction ordering the district attorney "to stop slandering" him, that claim was barred by the Eleventh Amendment. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *Paul v. Davis*, 424 U.S. 693, 697-98 (1976). Further, because Schwarzer's Rule 59(e) motion did not establish a "manifest error of law or fact" or present newly discovered evidence, the district court did not abuse its discretion in denying the motion. *See Advocare Int'l LP v. Horizon Laboratories, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (internal quotation marks and footnotes omitted).

We will not consider Schwarzer's newly raised claim suggesting that the district court ordered the clerk's office not to docket a first amended complaint and a class certification motion that Schwarzer alleges he mailed to the district court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.