# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2022

Lyle W. Cayce
Clerk

No. 20-40830
Summary Calendar

Alan R. Decker,

*Plaintiff—Appellant*,

*versus*

James Routledge; MedStar Surgical Company; OEM
Medical Solutions, L.L.C.; Ted Honeywell,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-MC-12

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Alan R. Decker seeks leave to proceed *in forma pauperis* (IFP) to appeal the district court's dismissal of his third diversity action arising from a purported 2004 conversion of his business. The district court concluded

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that Decker's claims were barred by the applicable limitations periods and alternatively that he had failed to establish his allegations of fraud, intentional infliction of emotional distress, and defamation. By moving in this court to proceed IFP, Decker is challenging the district court's certification that any appeal would not be taken in good faith because he had not shown that he will present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Before this court, Decker argues that the district court misinterpreted the facts establishing that he was in a coma for years, which prevented him from learning of the conversion of his business and tolled the limitations periods, and that the court abused its discretion in denying his motion for reconsideration. He has not established that he could not reasonably have discovered the factual predicate of his claims earlier. *See Lozada v. Farrall & Blackwell Agency, Inc.*, 323 S.W.3d 278, 289 (Tex. App.—El Paso 2010, no pet.). Moreover, the defendants' alleged ongoing possession of Decker's business does not constitute a continuing tort. *See First Gen. Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 501-02 (Tex. App.—Austin 1998, pet. denied). Accordingly, Decker has not shown that the district court abused its discretion in dismissing his complaint as frivolous and in denying his motion for reconsideration. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002); *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Decker's motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.