**Mark ZASTROW; Heights Autohaus, Plaintiffs-Appellees**

v.

**HOUSTON AUTO M. IMPORTS GREENWAY, LIMITED, doing business as Mercedes-Benz of Houston Greenway, Defendant-Appellant**

No. 16-20258

United States Court of Appeals, Fifth Circuit.

Filed June 21, 2017

Reginald Edmund McKamie, Sr., Law Offices of Reginald E. McKamie, Sr., Houston, TX, for Plaintiffs-Appellees

Daniel John Kasprzak, Johnson, Deluca, Kurisky & Gould, P.C., Houston, TX, for Defendant-Appellant

Before STEWART, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM: *

A jury found that Defendant-Appellant, Houston Auto M. Imports, Ltd. d/b/a Mercedes–Benz of Houston Greenway ("Mercedes Greenway"), retaliated against Plaintiffs-Appellees Mark Zastrow and his company, Heights Autohaus (collectively "Zastrow") in violation of 42 U.S.C. § 1981. For the following reasons, we AFFIRM the jury's verdict; however, we VACATE and REMAND the award of attorneys' fees and REVERSE the award of certain costs.

## I. FACTUAL HISTORY

Mark Zastrow owns Heights Autohaus, a car repair business that specializes in German vehicles. Prior to the events underlying this lawsuit, Zastrow purchased Mercedes–Benz parts at a discount from Mercedes Greenway. In 2012, one of Zastrow's clients and his attorney in this suit, Reginald McKamie, Sr., requested that Zastrow inspect the vehicle of Jessee Howard and JoAnn Jefferson–Howard (the "Howards"). The Howards were involved in arbitration with Mercedes Greenway. The Howards had alleged that the vehicle Mercedes Greenway sold to them was defective and had brought claims for fraud, negligence, breach of contract, breach of warranty, breach of fiduciary duty, credit discrimination, and racial discrimination and retaliation. Zastrow did not know the nature of the Howards' claims when he performed his inspection.

Zastrow's inspection revealed a number of mechanical problems with the vehicle, and he agreed to testify as an expert witness on the Howards' behalf. The day before Zastrow was to be deposed, he alleges that a Mercedes Greenway employee called him and told him not to testify, warning that he would regret it. The employee denies that this call took place. Zastrow nonetheless testified at the deposition. He discussed several problems with the vehicle and opined that those problems were present when the vehicle was sold. He was also highly critical of the work done by Mercedes Greenway and accused them of "throwing parts" at the vehicle. The day after the deposition, the same Mercedes Greenway employee called Zastrow and informed him that the company would no longer sell parts to him. The next week, Zastrow received a letter stating "[p]ursuant to your expert testimony in the [Howards' case], this correspondence will serve as notice that Mercedes–Benz of Houston Greenway is terminating their relationship with Heights Autohaus, effective immediately."

## II. PROCEDURAL HISTORY

In March of 2013, Zastrow filed a lawsuit against Mercedes Greenway and its attorneys bringing RICO claims and retaliation claims under 42 U.S.C. §§ 1981 and 1982. The district court granted summary judgment on all claims in favor of Mercedes Greenway. On appeal, this court upheld the district court's grant of summary judgment on all but Zastrow's § 1981 claim. *See Zastrow v. Hous. Auto Imps. Greenway Ltd.*, 789 F.3d 553, 565 (5th Cir. 2015). We held that "[b]ecause Zastrow's testimony supported the Howards' § 1981

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim," his testimony was "protected under the statute." *Id.* at 563. However, we remanded the § 1981 claim for the district court to consider under the *McDonnell Douglas*[1] burden-shifting framework. *Id.* at 565.

On remand, the district court severed Mercedes Greenway's attorneys from this action. Zastrow then proceeded to trial on his § 1981 claim. The jury found that Mercedes Greenway retaliated against Zastrow in response to his testimony in support of the Howards' § 1981 claim and awarded him $939.29 in damages. The district court awarded Zastrow $110,000 in attorneys' fees and $5,837.67 in costs. Mercedes Greenway brought a renewed motion for judgment as a matter of law ("JMOL"), which the district court denied. This appeal followed.

## III. DISCUSSION

Mercedes Greenway alleges that the district court erred by denying its renewed JMOL. Additionally, it claims that the district court erred in its calculation of attorneys' fees and in assessing costs that were either unrecoverable or inadequately supported. We address each issue in turn.

## A. JMOL

■ Mercedes Greenway raises two arguments as to why the district court should have granted its JMOL motion. First, it claims that Zastrow failed to prove a prima facie case of discrimination because he lacked a "reasonable belief" that he was testifying in support of a racial discrimination claim. Second, it challenges the sufficiency of the evidence Zastrow presentenced that Mercedes Greenway's legitimate, non-retaliatory reason for ending the parties' business relationship was pretext for retaliation.

We review a properly preserved JMOL motion de novo. *Montano v. Orange Cty.*, 842 F.3d 865, 873 (5th Cir. 2016). This court grants a JMOL only if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED R. CIV. P. 50(a)(1); *see also McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 461 (5th Cir. 2005). We give "special deference" to a jury's verdict when reviewing a JMOL. *Id.*

"A party may move for JMOL after the nonmovant 'has been fully heard on an issue during a jury trial.'" *Montano*, 842 F.3d at 873 (quoting FED. R. CIV. P. 50(a)). If the Rule 50(a) motion is denied, a party can renew the motion after trial under Rule 50(b). *Id.* An issue denied in a Rule 50(a) motion must be raised again in a Rule 50(b) motion to preserve it for review. *See OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 680 (5th Cir. 2016) ("[W]e lack power to address a claim not properly raised in a Rule 50(b) motion."); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006) ("[T]he precise subject matter of a party's Rule 50(a) motion—namely, its entitlement to judgment as a matter of law—cannot be appealed unless that motion is renewed pursuant to Rule 50(b).").

We review Zastrow's retaliation claim under the three-part *McDonnell Douglas* framework. *Zastrow*, 789 F.3d at 564 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). First, Zastrow must establish a prima facie case by showing "(1) he engaged in activity protected by § 1981; (2) he was subjected to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Id.* Then, "the burden shifts to [Mercedes

---

1. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Greenway] to proffer a legitimate, non-retaliatory reason for the adverse action." *Id.* Finally, "if [Mercedes Greenway] provides such an explanation, the burden returns to [Zastrow] to show that the proffered reason was pretext for retaliation." *Id.*

Mercedes Greenway first argues that Zastrow failed to present a prima facie case that he participated in protected activity because he was unaware that he was testifying in support of the Howards' civil rights claim at the time of his deposition. However, its renewed JMOL challenges only whether Zastrow submitted sufficient evidence to show pretext. Therefore, this issue is not properly before the court, and we decline to address it.[2] *See OneBeacon Ins.*, 841 F.3d at 680.

■ Next, Mercedes Greenway avers that Zastrow failed to meet his burden of showing that its proffered non-discriminatory reason for terminating its relationship with Zastrow was pretextual. We disagree. In the previous iteration of this case, we held that "a company's refusal to contract with someone who has criticized its business and impugned its reputation is not illegal retaliation—so long as that refusal is not a reprisal for ... an attempt to support the [racial discrimination] complaint of another." *Zastrow*, 789 F.3d at 564. Having concluded that Mercedes Greenway met its burden to present a legitimate, non-retaliatory reason for its action, the burden shifted to Zastrow to show that Mercedes Greenway actually terminated the relationship because his testimony supported the Howards' discrimination claims. *Id.* "In other words, he

[must] show that, but for his testimony's relevance to the Howards' discrimination claims ... the dealership would not have stopped selling him parts." *Id.*

Viewing all evidence in the light most favorable to Zastrow, we conclude that a reasonable jury could have found pretext based on the evidence presented. *See* FED. R. CIV. P. 50(a); *OneBeacon Ins.*, 841 F.3d at 675–76. Although Mercedes Greenway claims that it decided to sever business ties after Zastrow's testimony criticized and disparaged its business, Zastrow testified that he received a phone call warning him not to testify before the deposition or he would face repercussions. Mercedes Greenway disputes this claim, but it is the job of the factfinder, not the court, "to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *OneBeacon Ins.*, 841 F.3d at 676 (quoting *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012)). This phone call evidences pretext because it tends to show that Mercedes Greenway tried to prevent Zastrow from testifying in support of the Howards' claims before any disparaging remarks were made. Moreover, the letter of termination stated that Mercedes Greenway would no longer sell Zastrow parts "[p]ursaunt to [his] expert testimony." Thus, Mercedes Greenway's own statement directly ties its decision to Zastrow's expert testimony. It does not mention disparaging comments or damage to its reputation. As previously held, Zastrow's expert testimony was protected under 42 U.S.C. § 1981 to the extent it supported the Howards' discrimination claim.

---

2. Moreover, it is not clear that this argument was sufficiently presented to the district court in the Rule 50(a) motion. A party may not advance an argument in its Rule 50(b) motion that was not raised in its Rule 50(a) motion. *In re Isbell Records, Inc.*, 774 F.3d 859, 867 (5th Cir. 2014). A Rule 50(a) "motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." FED. R. CIV. P. 50(a)(2). In its Rule 50(a) motion, however, Mercedes Greenway simply made a bare assertion that Zastrow "h[ad] not established a prima facie case of wrongful retaliation."

*Zastrow*, 789 F.3d at 563. Finally, Mercedes Greenway's representative admitted that no one was exposed to Zastrow's testimony other than the parties to the Howards' arbitration, which undercuts Mercedes Greenway's purported concern about damage to its reputation. Because a reasonable jury could have concluded that Mercedes Greenway's stated reasons for severing its relationship with Zastrow were pretextual, we uphold the district court's denial of the JMOL. *See* FED. R. CIV. P. 50(a)(1).

**B. Attorneys' Fees**

A prevailing party in a 42 U.S.C. § 1981 case may receive attorneys' fees. 42 U.S.C. § 1988(b). We review the award of attorneys' fees under § 1988 for abuse of discretion. *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008).

■ Mercedes Greenway insists that the district court erred in awarding attorneys' fees because it failed to consider Zastrow's degree of success. We agree. District courts in this circuit "apply a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, the court calculates the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (quoting *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). Second, the district court should consider the twelve *Johnson* factors. *Id.* at 391–92 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)). Importantly, "courts must consider the plaintiff's degree of success to determine whether the lodestar is excessive."

*Id.* at 394; *see also Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (stating that "the degree of success obtained" is the "most critical factor" in determining a reasonable fee).

In this case, Zastrow requested $108,000 in economic damages and $1.08 million in punitive damages. The jury awarded only $939.29 in economic damages, and he did not obtain any injunctive relief. This is not to say that Zastrow's relief is only nominal. *See Farrar v. Hobby*, 506 U.S. 103, 115–16, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (stating that "[a] plaintiff who seeks compensatory damages but receives no more than nominal damages" may deserve no fee under § 1988). He received actual, compensatory damages and obtained a jury finding that Mercedes Greenway retaliated against him. Although the district court calculated the lodestar amount and considered several of the *Johnson* factors when awarding attorneys' fees, it failed to consider Zastrow's degree of success. Because it was legal error not to account for the degree of success, we vacate and remand the attorneys' fees award for the district court to reconsider in light of this critical factor. *See Combs*, 829 F.3d at 394; *Frew v. Traylor*, No. 14-41232, 688 Fed.Appx. 249, 257–59, 2017 WL 1520865, at *6 (5th Cir. Apr. 27, 2017) (vacating and remanding where the district court failed to consider the degree of success obtained when calculating attorneys' fees).

On remand, we note that "[t]he district court has broad discretion to award attorney's fees under § 1988(b)." *Dearmore*, 519 F.3d at 520. Thus, we leave it to the district court to determine what impact, if any, Zastrow's degree of success has on its award of attorneys' fees.

**C. Costs**

■ Finally, Mercedes Greenway claims that the district court erred in awarding

certain costs. Specifically, it challenges $98.10 in Public Access to Court Electronic Records ("PACER") fees, $1,965.00 in costs for video setup and playback at trial, and $465.00 for private service of process.

We review an award of costs for abuse of discretion. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). The district court should ordinarily allow recovery of costs to the prevailing party. *See* 28 U.S.C. § 1920 (setting out what costs a prevailing party may recover); FED. R. CIV. P. 54(d).

This circuit has not determined whether PACER fees are recoverable under Rule 54(d) and § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). District courts are split on whether PACER fees are recoverable always, never, or only in certain circumstances. *See Giner v. Estate of Higgins*, No. 11-CV-126, 2012 WL 2397440, at *5 (W.D. Tex. June 22, 2012) (collecting cases). However, we need not decide this issue because the record does not reveal on what basis the PACER charges were incurred, be it electronic legal research, filing, or "making copies ... necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Giner*, 2012 WL 2397440 at *5. Since the rationale behind the award of PACER fees is unclear, we vacate the award of PACER fees and remand for additional consideration by the district court. *See Gagnon*, 607 F.3d at 1045.

■ Further, we hold that the district court erred in awarding costs for video setup and playback and for private process servers. While fees for video depositions for use at trial are recoverable under § 1920(2), nothing in the statute authorizes the taxation of costs for video setup and playback at trial. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465–66 (11th Cir. 1996) (reversing a district court's award of costs "for playback of video depositions at trial"); *cf. Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S.Ct. 1997, 2006, 182 L.Ed.2d 903 (2012) (cautioning that taxable expenses are narrow in scope and "are limited to relatively minor, incidental expenses"). Finally, this circuit has held that costs for private process servers are not recoverable, absent exceptional circumstances. *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997); *accord Marmillion v. Am. Int'l Ins. Co.*, 381 Fed.Appx. 421, 431 (5th Cir. 2010). Zastrow failed to make such a showing.

Therefore, we vacate and remand the award of $98.10 for PACER expenses, and we reverse costs totaling $2,430.00 for video playback and private process servers.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the jury's verdict. We VACATE and REMAND the award of attorneys' fees and PACER costs for reconsideration consistent with this opinion. We REVERSE the award of costs for video playback and service of process.